[Cite as *Kandel v. Kandel*, 2011-Ohio-3031.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| ANNE M. KANDEL | : | Sheila G. Farmer, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10AP100039 |
| | : | |
| | : | |
| BRUCE E. KANDEL, et al. | : | O P I N I O N |
| | | |
| Defendants-Appellants | | |



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Tuscarawas County Court of Common Pleas, Domestic Relations Division, Case No. 2008TC020095 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 14, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendants-Appellants |
| PAUL HERVEY<br>P.O. Box 1014<br>New Philadelphia, Ohio  44663 | MICHAEL C. JOHNSON<br>P.O. Box 1007<br>New Philadelphia, Ohio  44663 |
| | ROBERT H. CYPERSKI<br>1201 30th Street, N.W., 102B<br>Canton, Ohio  44709 |

*Edwards, J.*

{¶1} Appellant, Bruce E. Kandel, appeals a judgment of the Tuscarawas County Common Pleas Court awarding appellee Anne Kandel a divorce on the grounds of adultery and incompatibility, dividing marital property and naming appellee the residential parent of the children.

## STATEMENT OF FACTS AND CASE

{¶2} The parties were married on April 6, 2001. The marriage was appellee's first and appellant's third. They met when appellee was 17 years old and began working at the trucking company where appellant worked. They have twin daughters born prematurely on May 3, 2007, who have experienced medical and developmental problems.

{¶3} Appellee filed the instant complaint for divorce on February 27, 2008. The case proceeded to trial before a magistrate in December, 2008, and April, 2009. Following the hearing, the magistrate found that appellant did not have an ownership interest in Beller-VonKaenel Trucking, but was an employee of the company. The magistrate further recommended that appellee be named the residential parent of the children.

{¶4} Both parties filed objections to the magistrate's report. The trial court found that appellant did have an ownership interest in Beller-VonKaenal trucking, but that such ownership interest arose during the marriage, rendering the company marital property. The court named appellee the residential parent of the children.

{¶5} Appellant assigns six errors on appeal:

{¶6}    "I. THE TRIAL COURT DECISION THAT OWNERSHIP OF BELLER-VONKAENEL TRUCKING, OHIO CARRIER, OHIO BROKERAGE AND STRASBURG LEASING WERE DEEMED TO BE MARITAL PROPERTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7}    "II. THE TRIAL COURT COMMITTED ERROR IN DETERMINING THAT DEFENDANT-APPELLANT BRUCE KANDEL'S BUSINESS REAL ESTATE WAS ACQUIRED DURING THE MARRIAGE AND THAT THE VALUE WAS SIX HUNDRED THOUSAND DOLLARS ($600,000.00) FOR WHICH THREE HUNDRED THOUSAND DOLLARS ($300,000.00) WAS ORDERED TO BE PAID TO ANNE KANDEL.  THIS ORDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND AN ABUSE OF DISCRETION.

{¶8}    "III. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO BRUCE KANDEL IN ITS DETERMINATION THAT BRUCE KANDEL FAILED TO MEET THE BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE TO ESTABLISH THAT THE COMPANIES AND THE REAL ESTATES ARE HIS SEPARATE PROPERTY.

{¶9}    "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING ANNE KANDEL AS THE SOLE RESIDENTIAL PARENT TO BRUCE KANDEL AND ANNE KANDEL'S TWIN DAUGHTERS, AS THIS IS NOT IN THE BEST INTERESTS OF THE CHILDREN.

{¶10}   "V. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING ANNE KANDEL AS THE SOLE RESIDENTIAL PARENT WHILE NOT CONSIDERING A SHARED PARENTING PLAN BETWEEN BRUCE KANDEL AND ANNE KANDEL.

{¶11} "VI. BASED UPON THE DEVISION (SIC) OF ASSETS AND PAYMENTS ORDERED TO BE MADE BY APPELLANT, THE ORDER TO PAY ATTORNEY FEES WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶12} All of appellant's assignments of error argue that the judge's decision is an abuse of discretion because it's not supported by the evidence or is against the manifest weight of the evidence. Appellee notes in her brief that appellant failed to provide this court with a transcript of the April 24, 2009, hearing before the magistrate and the April 26, 2010, hearing before the trial court on objections to the magistrate's decision.

{¶13} It appears from the trial court's judgment that the April 26, 2010, objection hearing was not a hearing at which the court heard additional evidence. However, the April 24, 2009, hearing was the final day of trial before the magistrate. The transcript from April 23, 2009, reflects that the court anticipated a few more hours of trial because there would be redirect examination of appellant, who was on the witness stand at the end of the day on April 23, 2009, and counsel had indicated that there would be rebuttal. Tr. 179.

{¶14} The trial court's judgment recites at the outset that the court reviewed the record including transcripts of the hearing before the magistrate on 12/20/2008, 4/14/2009, 4/15/2009, 4/16/2009, 4/17/2009, 4/21/2009, and 4/23/2009. The judge noted that he reviewed the recording of the 4/24/2009 hearing before the magistrate. The court's footnote states, "The parties did not request a Transcript of the 4/24/2009 hearing before the Magistrate; however, Civ. R. 53(D)(3)(b)(iii) permits the Court to use

alternative technology to review and consider relevant evidence." Judgment Entry, September 2, 2010, page 3.

{¶15} Appellant, therefore, was on notice that he had failed to request a transcript of the April 24, 2009, hearing. While on the docketing statement appellant indicates that a full transcript would be provided, appellant did not order a transcript of the April 24, 2009, hearing as required by App. R. 9(B). The notice of filing of the record sent by the clerk of courts to all counsel of record specifically states, "There were **no additional** transcripts filed in this case."

{¶16} This Court, therefore, does not have a complete record of all the evidence as presented to the magistrate and reviewed by the trial court judge. The duty to provide a transcript for appellate review falls upon the appellant. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Id.

{¶17} Appellant's first, second, third, fourth, fifth and sixth assignments of error are overruled.

{¶18} The judgment of the Tuscarawas County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0304

[Cite as *Kandel v. Kandel*, 2011-Ohio-3031.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ANNE M. KANDEL                     :
                                   :
            Plaintiff-Appellee     :
                                   :
                                   :
-vs-                               :          JUDGMENT ENTRY
                                   :
BRUCE E. KANDEL, et al.,           :
                                   :
            Defendants-Appellants  :          CASE NO. 10AP100039


        For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Tuscarawas County Court of Common Pleas, Domestic Relations

Division, is affirmed.  Costs assessed to appellant.


                                        _____

                                        _____

                                        _____

                                                         JUDGES